NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEFINO GALANG, ET AL., | No.    18-17409 |
| Plaintiffs-Appellants, | D.C. No.<br>2:18-cv-01640-JAM-KJN |
| v. | |
| WELLS FARGO BANK, N.A., ET AL., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 13, 2020
San Francisco, California

Before:  WALLACE and R. NELSON, Circuit Judges, and GWIN,** District
Judge.

Plaintiffs-Appellants, Josefino and Elizabeth Galang, appeal from the district

court's order of dismissal.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

The district court held that Plaintiffs-Appellants failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and that a federal statute, the Home Owners Loan Act, preempted their state-law claims. Plaintiffs-Appellants appealed. The district court did not reach Defendants-Appellees' alternative argument, preserved on appeal, that Plaintiffs-Appellants' action constituted an impermissible preemptive pre-foreclosure challenge under California law.

While the case was pending on appeal, this Court issued a published opinion in *Perez v. Mortgage Electronic Registration Systems, Inc.*[1] In the absence of guidance from California's highest court, *Perez* follows intermediate California courts in holding that California law prohibits "pre-foreclosure judicial actions that preemptively challenge the banks' authority to foreclose on their properties in the future."[2]

*Perez* controls here. Plaintiffs-Appellants challenge the authority of the Defendants-Appellees to foreclose on their property based on their theory that Wells Fargo's predecessor securitized their loan and sold it to the WSR 20 Trust. Because California law prohibits such preemptive challenges, we affirm the district court's dismissal.

Plaintiffs-Appellants' claims cannot be remedied by amendment because

---

[1] *Perez v. Mortgage Electronic Registration Systems, Inc.*, No. 18-17230, 2020 WL 2312867 (May 11, 2020).

[2] *Perez*, 2020 WL 2312867, at *5 (May 11, 2020).

any amendment would "not change the fact that Appellants filed their suit preemptively."[3] We therefore also affirm the district court's dismissal of Plaintiffs-Appellants' complaint without leave to amend.

**AFFIRMED.**

---

[3] *Id.*